# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES WEIR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-03150 |
| | ) | Chief Judge Sharp |
| v. | ) | |
| | ) | |
| OFFICER F/N/U EVERETT *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Plaintiff James Weir[1], a pre-trial detainee currently in the custody of the Wilson County Jail in Lebanon, Tennessee, has filed a *pro se, in forma pauperis* complaint against Officer f/n/u Everett and the Wilson County Sheriff's Office, alleging civil rights violations pursuant to 42 U.S.C. § 1983. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.  PLRA Screening Standard

Under the PLRA, courts are required to screen a complaints filed by prisoners and dismiss those complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory

---

[1] Plaintiff has not provided his inmate identification number.

1

language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.      Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, the plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that, on November 16, 2016, while the plaintiff was in the custody of the Wilson County Jail as a pre-trial detainee, Officer f/n/u Everette began yelling at the plaintiff outside of his cell door while serving the plaintiff his evening meal. (Docket No. 1 at p. 6). According to the complaint, Officer Everette "began waving his arm around at the tower so they would open the door" and, after the door was opened, Everette continued to yell at the plaintiff and "started using excessive force causing [the plaintiff] to slip and hurt[] his back and [his] testicle." (*Id.*) The plaintiff told Everette and other unidentified guards that was hurt, but none of the officers took the plaintiff to see a doctor. (*Id.*)

**IV.    Analysis**

First, the complaint names the Wilson County Sheriff's Office as a defendant to this action. (Docket No. 1 at pp. 1, 4). However, the Wilson County Sheriff's Office is not a suable entity under § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the plaintiff's claims against the Wilson County Sheriff's Office must be dismissed.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's complaint as an attempt to state claims against Wilson County, Tennessee. However, while Wilson County is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted).

Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Slusher*, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Id.*; *see also Gregory v. City of Louisville*, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Wilson County under § 1983. The complaint does not identify or describe any of Wilson County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Wilson County on notice of a problem. *See Okolo v. Metropolitan Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metropolitan Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metropolitan Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Wilson County. Any such claim is subject to dismissal.

Next, the complaint alleges that Officer f/n/u Everette used excessive force against the plaintiff, resulting in injuries to the plaintiff. The plaintiff alleges that, at the time of the alleged events, he was a a pre-trial detainee. The legal status of a purported victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* \_\_\_ F.3d \_\_\_, \_\_\_, 2015 WL 4978463, at *4 (6th Cir. 2015)("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'")(quoting *Kingsley v. Hendrickson*, \_\_\_ U.S. \_\_\_, \_\_\_ 135 S. Ct. at 2473 (2015)).

The Supreme Court has recently clarified that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows "that the force purposefully or

5

knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015)). The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id.*, and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id.* (quoting *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865) precisely because they "cannot be punished at all," *id.* at 2475.

In light of this Fourteenth Amendment standard and the facts alleged in the complaint, the plaintiff's excessive force claim against Officer Everette in his individual capacity will proceed. This is a preliminary finding only. The court merely determines that the allegations of the complaint survive the required PLRA's screening as to this claim, and further factual development is warranted out of an abundance of caution.

Finally, the complaint alleges that the plaintiff was not provided with any medical care at all for the injuries he sustained to his back and testicle after the alleged use of excessive force by

6

Officer Everette. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(collecting cases); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). Consequently, the court finds that the complaint states a colorable Eighth Amendment claim against Officer Everette in his individual capacity based on the allegation that Officer Everette refused to permit <u>any</u> medical treatment for the plaintiff for his injuries allegedly sustained on November 16, 2016. This claim shall proceed for further factual development as the court does not find the claim to be frivolous.

**V.     Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to the Wilson County Sheriff's Office or against Wilson County, Tennessee. 28 U.S.C. § 1915A. Those claims will be dismissed. 28 U.S.C. § 1915(e)(2). However, the allegations in the complaint against Defendant Everette in his individual capacity state § 1983 claims upon which relief could be granted under the Eighth (denial of medical care) and Fourteenth (excessive force with regard to pre-trial detainees) Amendments. Of course, at this stage of the proceedings, it is unclear where the plaintiff ultimately can prevail on these claims; however, the court does not find that these allegations are frivolous or malicious.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
Chief United States District Judge