UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES WEIR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICER *f/n/u* EVERETT,<br><br>　　　　Defendants. | Case No. 16-cv-3150<br>Honorable Laurie J. Michelson<br>Magistrate Judge Jeffrey S. Frensley |

**ORDER REGARDING REPORT AND RECOMMENDATION DISMISSING ACTION WITHOUT PREJUDICE [21]**

This is a pro se prisoner civil rights case alleging violations pursuant to 42 U.S.C. § 1983. (R. 1.) Presently before the Court is Magistrate Judge Jeffrey S. Frensley's Report and Recommendation that this action be dismissed without prejudice because of Plaintiff James Weir's failure to comply with the Court's August 28, 2017 Order (R. 19) requiring Weir to inform the Court of his current address. (R. 21.) At the conclusion of his September 11, 2017 Report and Recommendation, Magistrate Judge Frensley notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2), and that failure to file specific objections "can constitute a waiver of further appeal of this Recommendation." (R. 21.) It is now September 29, 2017. As such, the time to file objections has expired. No objections have been filed.

At the outset of the case, Plaintiff's application to proceed *in forma pauperis* was granted. The court's order granting the application stated in part, "[Plaintiff] is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address." (R. 7.) Subsequently, the Scheduling Order issued by the Magistrate Judge

on April 3, 2017, likewise stated that "[e]ach party is required to keep both the Court and the opposing party or their counsel informed of [his] current address" and that failure to do so "may result in a recommendation that his action be dismissed." (R, 14.) Weir received these Orders. (R. 16.) But he failed to comply as several court mailings to him were returned as undeliverable. Thus, on August 28, 2017, the Magistrate Judge issued an order directing Plaintiff to "file a written statement showing good cause for his failure to keep the Clerk's Office informed of his current address." (R. 19.) That show cause order was also returned as undeliverable (R. 20) and so Plaintiff failed to comply. The same is true for the underlying Report and Recommendation – even though Plaintiff was on notice that he was required to inform the Court of any address change, and that a failure to do so could result in dismissal.

The Court thus finds that the parties' failure to object to the Report and Recommendation is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." 638 F.2d 947, 949–50 (6th Cir. 1981). And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149. The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that this action is DISMISSED WITHOUT PREJUDICE. As this order resolves this litigation, a separate judgment

will issue.

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
Dated: September 29, 2017         U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2017.

                                                  s/Keisha Jackson
                                                  Case Manager